JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kathleen Kilroy

### DEFENDANTS
Cigna Corp., Connecticut Gen. Life Ins. Co., Cigna Health & Life Ins. Co., American Specialty Health Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: Camden Cty., NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Phila. Cty., PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven A. Schwartz, Chimicles & Tikellis LLP
361 W. Lancaster Ave., Haverford, PA 19041 (610) 642-8500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132(a)
Brief description of cause:
Claim for benefits under ERISA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Nitza I. Quinones Alejandro
DOCKET NUMBER: 2:16-cv-03967

DATE: 04/12/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3025 Gladwyn Avenue, Pennsauken, NJ 08109

Address of Defendant: 1650 Market Street, Philadelphia, PA 19192

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: 2:16-cv-03967   Judge Nitza I. Quinones Alejandro   Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Steven A. Schwartz, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: April 12, 2018    _____    50579
                         Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 12, 2018    _____    50579
                         Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3025 Gladwyn Avenue, Pennsauken, NJ 08109

Address of Defendant: 1650 Market Street, Philadelphia, PA 19192

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐    No☒

Does this case involve multidistrict litigation possibilities?     Yes☐    No☒

RELATED CASE, IF ANY:
Case Number: 2:16-cv-03967     Judge Nitza I. Quinones Alejandro    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Steven A. Schwartz, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: April 12, 2018     _(signed)_     50579
                         Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 12, 2018     _(signed)_     50579
                         Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KATHLEEN KILROY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CIGNA CORPORATION, et al. | : | NO. |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| April 12, 2018 | _[signature]_ | Plaintiff Kathleen Kilroy |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 642-8500 | (610) 649-3633 | sas@chimicles.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN KILROY, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION; CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY; AMERICAN SPECIALTY HEALTH INCORPORATED; and AMERICAN SPECIALTY HEALTH GROUP, INC.,<br><br>Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Kathleen Kilroy, on behalf of herself and all others similarly situated, brings this class action against Defendants Cigna Corporation; Connecticut General Life Insurance Company; CIGNA Health and Life Insurance Company; American Specialty Health Incorporated; and American Specialty Health Group, Inc. for the following violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"):

### INTRODUCTION

1. This class action challenges a scheme devised by Defendant Cigna Corporation and its subsidiaries ("Cigna") that misappropriates millions of dollars every year from Cigna members and employers who sponsor Cigna-administered health insurance plans that are subject to ERISA (the "ERISA Plans"). Through this scheme, Cigna secretly inflates member and plan responsibility to pay for claims and forces these innocent parties to pay charges to its vendors,

including Defendants American Specialty Health Incorporated and American Specialty Health Group, Inc. ("ASH").

2. Cigna hired ASH to assist it in building a network of healthcare providers and to process and administer health care claims submitted by providers. These are functions that Cigna would otherwise perform, and Cigna is already compensated for these services through plan fees and subscriber premiums. But Cigna does not compensate ASH for ASH's services to Cigna out of Cigna's own pocket. Rather, Cigna and ASH collude to shift ASH's charges to members and plans on a claim-by-claim basis. Under the false pretense that ASH's charges are medical expenses, Cigna and ASH secretly assess these charges to members and plans as part of members' and plans' financial responsibility for health care claims.

3. Cigna conceals Defendants' cost-shifting scheme by sending false Explanation of Benefits forms to members that misrepresent ASH's charges as ordinary medical expenses billed by a medical provider. These misrepresentations serve as the cover that allows Defendants illegally to (i) obtain payment of ASH's charges directly from members when the members' deductibles have not been reached; (ii) use members' health spending accounts to pay for these charges; (iii) inflate members' co-insurance obligations by including ASH's charges in claims for medical services; (iv) artificially reduce the amount of available coverage for medical services when such coverage is subject to an annual cap; and (v) obtain payment of ASH's charges directly from plans when a members' deductible has been exhausted or is inapplicable.

4. Through this class action, Plaintiff seeks relief for this scheme pursuant to ERISA.

2

## PARTIES

### *Plaintiff*

5. Plaintiff Kathleen Kilroy was insured by Cigna under a health insurance plan offered through her private employer, Macy's Inc. Ms. Kilroy's plan is governed by ERISA. Her plan, the Macy's, Inc. Health Care Program (the "Macy's Plan"), is self-insured by Macy's, and Cigna Health and Life Insurance Company provides claim administration for the Macy's Plan. Ms. Kilroy resides in Pennsauken, New Jersey. She brings this action on her own behalf and on behalf of all similarly situated individuals and plans.

### *Defendants*

6. Defendant Cigna Corporation is a Delaware corporation with its principal business address at One Liberty Place, 1650 Market Street, Philadelphia, Pennsylvania, United States 19192. Its corporate headquarters are located at 900 Cottage Grove Road, Bloomfield, CT 06002. Cigna Corporation is a global health insurance company. As reported in Cigna Corporation's 2014 Form 10-K, all of the company's products and services, including the health services that Cigna Corporation provides to the public on a nationwide basis, are provided exclusively through its operating subsidiaries, including Defendants Connecticut General Life Insurance Company ("CGLIC") and Cigna Health and Life Insurance Company ("CHLIC"). CHLIC is a wholly owned subsidiary of CGLIC that is a wholly owned subsidiary of Connecticut General Corporation (CGC), which is an indirect, wholly owned subsidiary of Cigna Corporation. Cigna Corporation and its subsidiaries are referred to as "Cigna" in this Complaint.

7. Defendant Connecticut General Life Insurance Company is a Connecticut corporation with its principal office address at 900 Cottage Grove Road, Bloomfield, CT 06002.

3

8. Defendant Cigna Health and Life Insurance Company is a Connecticut corporation with its principal office address at 900 Cottage Grove Road, Bloomfield, CT 06002.

9. Defendant American Specialty Health Incorporated is a Delaware corporation headquartered at 10221 Wateridge Circle, San Diego, CA 92121-2702. It is the corporate parent of Defendant American Specialty Health Group, Inc.

10. Defendant American Specialty Health Group, Inc., formerly known as American Specialty Health Networks, Inc., is a California corporation with its principal mailing address at 10221 Wateridge Circle, San Diego, CA 92121-2702, and its principal office address at 12800 N Meridian Street, Carmel, IN 46032. It is registered to do business and has an authorized registered agent in Pennsylvania.

11. Defendants American Specialty Health Incorporated and American Specialty Health Group, Inc. are collectively referred to herein as "ASH." ASH administers chiropractic and other benefits for more than 20 million people in Pennsylvania and throughout the United States. It has contracted with its own network of more than 21,000 providers of chiropractic services. Among its clients, ASH provides claims administration for chiropractic services for Cigna.

12. Due to the manner in which they function, including the discretion they exercise in making coverage determinations with respect to ERISA plans, Defendants are functional ERISA fiduciaries and, as such, they must comply with fiduciary standards.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e)(1) (ERISA).

14. Venue is proper in this district pursuant to 18 U.S.C. § 1965(a), 18 U.S.C. § 1965(b), 28 U.S.C. § 1391, and 29 U.S.C. § 1132(e)(2). Cigna conducts business in this

district. ASH serves as a vendor for Cigna and conducts business in Pennsylvania (including by administering benefits for Cigna's Pennsylvania members).

## FACTUAL ALLEGATIONS

### *Background*

15. Globally, Cigna has approximately 80 million customer relationships and $32.4 billion in annual revenues. According to Cigna's 2014 Form 10-K, nearly 80% of those revenues come from its Global Health Care segment. The Global Health Care segment consists of Cigna's "Commercial" and "Government" operating segments.

16. Through its Commercial operating segment, Cigna offers medical insurance plans to customers in all 50 states and the District of Columbia.

17. According to Cigna's 2014 Form 10-K, the plans that it offers can be either self-insured plans or fully-insured plans, with claims funded out of premiums paid to Cigna by the plan sponsor (usually an employer) and/or the plan sponsor's employees. For the fully-insured plans, those who wish to be covered (i.e., members), and/or plan sponsors on their behalf, pay premiums to Cigna that entitle them to benefits provided by the plan, which are paid out of Cigna's assets.

18. Benefits paid by a self-insured plan are primarily funded by plan sponsors, who are usually employers. Members of self-funded plans are often required to pay premiums to the plan, which entitles them to benefits provided by the plan. While the benefits issued by self-funded plans are ultimately paid out of the plan sponsor's assets, Cigna has full discretion and authority to issue checks for the payment of benefits under self-funded plans out of bank accounts Cigna maintains and controls. When Cigna foresees that it will need additional funds for the accounts used for the payment of benefits, it obtains such funds from the plan sponsors.

5

19. In either situation, Cigna serves as the "claims administrator" with responsibility for processing and adjudicating claims submitted by members and providing members with access to a network of providers who have agreed to accept discounted fees from Cigna-administered health insurance plans in exchange for providing covered services. Many of the plans sold by Cigna are governed by ERISA (the "ERISA Plans").

20. In exchange for serving as the claims administrator for a self-funded plan, Cigna receives an administrative fee from the plan sponsor pursuant to an agreement frequently known as an "administrative services only agreement" or "ASO agreement."

21. There is no ASO agreement in the context of a fully-insured plan, because in that circumstance Cigna is both the payor and the administrator. Instead, in the context of a fully-insured plan, Cigna's fees for its administrative services are built into the premiums that are charged to plan sponsors and/or members.

22. Regardless of whether a plan is self-insured or fully-insured, Cigna receives millions of dollars each year from plans and members in administrative fees for its services, which include the maintenance of provider networks and the administration of claims.

23. According to Cigna's 2014 Form 10-K, its medical plans "often" integrate the Cigna Choice Fund suite of products, which include Health Savings Accounts ("HSAs") and Health Reimbursement Accounts ("HRAs"). Cigna reports that it "continue[s] to experience strong growth in these products and they represent a rapidly growing percentage of [its] overall medical customer base."

24. An HSA is a tax-exempt trust or custodial account established with a qualified HSA trustee to pay or reimburse certain medical expenses. Only individuals enrolled in a high-deductible health plan qualify for an HSA under IRS rules. The funds contributed to an HSA

account are not subject to federal income tax at the time of deposit, and distributions from the HSA are not taxed if they are used for qualified medical expenses, as defined in Section 213(d) of the Internal Revenue Code.

25. A Health Reimbursement Account ("HRA") is an employer-funded medical reimbursement arrangement, pursuant to which the employer sets aside a specific amount of pre-tax dollars for employees to pay for health care expenses on an annual basis. The employee does not include distributions from the HRA in income, and does not pay tax on those distributions, only if they are used for qualified medical expenses, as defined in Section 213(d) of the Internal Revenue Code.

26. Cigna's 2014 Form 10-K states that "[i]n most cases" Cigna Choice Fund products are combined with high-deductible health plans. A high-deductible health plan is a plan with a lower premium and a higher deductible than a traditional health plan, according to Cigna's website.

27. ERISA requires plan administrators like Cigna to provide reports to members on the results of how their claim are processed, including how much the treating provider billed for the medical services at issue; what portion of that bill was deemed to be an "allowed amount" under the plan (meaning that it is the amount that is "covered" under the plan); what portion of the allowed amount will be paid by the plan and what portion is owed by the patient (due to a deductible or co-insurance obligation); and how much was actually paid to the provider on behalf of the patient. The purpose of these Explanation of Benefits forms ("EOBs") is to report how the claims administrator processed the claim, including what portion of the medical expenses are paid by the plan and what portion remains the responsibility of the member.